# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**THOM HOLLIS, individually and on behalf of
other similarly situated individuals**,

           Plaintiff,

    v.                                                    Case No. 1:24-cv-00720-WJ-GJF

**FARM BUREAU PROPERTY & CASUALTY
INSURANCE COMPANY**,

           Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendant's ("Farm Bureau") Motion to Dismiss (**Doc. 6**), Plaintiff's ("Hollis") Response (**Doc. 15**), and Farm Bureau's Reply (**Doc. 18**).[1] Having reviewed the parties' submissions, the allegations contained in the four corners of the Complaint (**Doc. 1-1**), and considered the applicable law, the Court hereby **GRANTS** the Motion to Dismiss.

## BACKGROUND

Once again, this Court is called upon to resolve a putative class action arising out of a dispute over automobile insurance. *See Belanger v. Allstate Fire & Cas. Ins. Co.*, 588 F. Supp. 3d 1249, 1255 (D.N.M. 2022) (Johnson, C.J.); *Palmer v. State Farm Mut. Auto. Ins. Co.*, No. 19-cv-301, 2019 U.S. Dist. LEXIS 108762, at *2 (D.N.M. June 27, 2019) (Johnson, C.J.); *Thaxton v. GEICO Advantage Ins. Co.*, No. 18-cv-306, 2022 U.S. Dist. LEXIS 33462, at *2 (D.N.M. Feb. 24, 2022) (Riggs, J.); *Garcia v. Republic Underwriters Ins. Co.*, 658 F. Supp. 3d 1022, 1023 (D.N.M.

---

[1] The Court ordered additional briefing on the statute of limitations issue. *See* **Doc. 22**. Both parties provided responsive filings addressing the Court's questions. *See* **Docs. 23 & 24**. Those filings were also considered.

2023) (Gonzales, J.). This time, the case involves a dispute over the validity of a rejection for "stacked"[2] uninsured/underinsured motorist ("UM/UIM") coverage in a single policy. *See* **Doc. 1-1**; *see also* **Docs. 6, 15, 18, 23, 24**.

\* \* \*

In June 2024, Hollis filed a putative class action in the First Judicial District Court, County of Santa Fe, State of New Mexico. *See generally* **Doc. 1-1** ("**Complaint**"). Hollis alleges he obtained vehicle insurance from Farm Bureau for seven vehicles. *Id.* **at ¶ 7**.

Hollis "does not allege that he was ever involved in an automobile accident with an uninsured or underinsured motorist or that he ever made a claim for UM/UIM coverage," *see* **Doc. 6 at 3**, instead, his lawsuit "seeks a return of premiums . . . regarding illusory coverages." **Doc. 15 at 2**. Specifically, Hollis alleges Farm Bureau has overcharged him for UM/UIM coverage "from on or about 2013 to present." **Doc. 1-1 at ¶ 12**.

As Farm Bureau points out, **Doc. 6 at 3 n.2**, Hollis alleges he was "issued substantially similar policies with the same liability limits dating back to 2013." Moreover, the Complaint reaches all the way back to "Insurance Division" emails from 2011. *See* **Doc. 1-1 at ¶¶ 41–47**. This email predates the filing of the Complaint by thirteen years. Even more tenuous is the proposed class which encompasses anyone insured by Farm Bureau "from January 1, 2004 to present." **Doc. 1-1 at ¶ 70**.

Based on the allegations in Hollis's Complaint, the Court had doubts regarding the timeliness of the claims so the Court ordered the parties to brief the statute of limitations issue. *See* **Doc. 22** (requiring the parties to brief if the claims were time-barred). As expected, Farm Bureau

---

[2] "Stacking refers to an insured's attempt to recover damages in aggregate under more than one policy or one policy covering more than one vehicle until all damages either are satisfied or the total policy limits are exhausted." *State Farm Mut. Auto. Ins. Co. v. Safeco Ins. Co.*, 2013-NMSC-006, ¶ 8, 298 P.3d 452 (N.M. 2013) (cleaned up).

argues the claims are time-barred. *See* **Doc. 23**. Hollis argues the claims are not time-barred because the period should be tolled due to Farm Bureau's "fraud." **Doc. 24 at 1**.

Supplemental briefing is now complete, so the Court issues its ruling.

## LEGAL STANDARD

### I. Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the Complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Rule 12(b)(6), the Court: (1) accepts all well-pleaded facts as true, and (2) construes these facts in the light most favorable to the plaintiff. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

At the motion to dismiss stage, the Court assesses the legal sufficiency of the allegations "contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). That being said, a court may also consider any exhibits incorporated by reference. *See Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

Without question, the 2020 rejection letter is incorporated by reference. *See* **Doc. 1-1 at 42**; **Doc. 6 at 4**. But so too is Hollis's original rejection for stacked coverage in 2013. *See* **Doc. 1-1 at ¶ 12** (alleging Farm Bureau "overcharged Plaintiff Hollis for UM and UIM coverage from on or about 2013 to present . . . ."); **Doc. 6 at 3 n.2** (claiming Hollis had a "substantially similar polic[y]" since 2013). Plus, Farm Bureau's supplemental briefing (**Doc. 23-1**) includes the 2013 rejection.

3

As such, the Court may consider this 2013 rejection document because: (1) it is an attached exhibit, and (2) it was incorporated into the Complaint by reference. *See Morris v. City of Colo. Springs*, 666 F.3d 654, 662 n.3 (10th Cir. 2012) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits . . . and documents incorporated into the complaint by reference." (cleaned up)).

## II. Statute of Limitations

A cause of action begins as soon as a Plaintiff discovers the injury *or* with reasonable diligence should have discovered that a claim exists. *McNeill v. Rice Eng'g & Operating, Inc.*, 2010-NMSC-015, ¶ 37, 148 N.M. 16, 229 P.3d 489 (N.M. 2010).

Under both federal and New Mexico law, the statute of limitations is "an affirmative defense . . . ." *Nat'l Credit Union Admin. Bd. v. Barclays Capital Inc.*, 785 F.3d 387, 395 (10th Cir. 2015); *see also Molinar v. City of Carlsbad*, 1987-NMSC-032, ¶ 12, 105 N.M. 628, 735 P.2d 1134 (N.M. 1987). An affirmative defense, statute of limitations issue can be resolved at the Rule 12(b)(6) stage if "the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); *see also Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (unpublished).

When, as here, the allegations suggest an action is time-barred, the Court may raise the statute of limitations issue *sua sponte* and provide the parties an opportunity to respond. *See Fratus v. DeLand*, 49 F.3d 673, 674–75 (10th Cir. 1995). If the statute of limitations has run, a court should grant a motion to dismiss unless the plaintiff meets their "burden of establishing a factual basis for tolling the statute." *Richardson v. Philpott*, 2024 U.S. App. LEXIS 13394, at *4 (10th Cir. June 4, 2024) (unpublished) (quoting *Aldrich*, 627 F.2d at 1041 n.4).

This is the scenario that played out in the case at bar. While reviewing the motion to dismiss briefing, the Court noticed the Complaint's allegations appeared to be time-barred. The Court then raised the issue, and the parties responded. *See* **Doc. 22** (ordering briefing); *see also* **Docs. 23 & 24** (the parties' supplemental briefing).

## DISCUSSION

Farm Bureau asserts that Hollis "knew, or should have known, of any alleged misrepresentations or shortcomings in these documents . . . as far back as 2013." **Doc. 23 at 2**. Accordingly, Farm Bureau submits the statute of limitations has expired—meaning Hollis's claims are time-barred. *Id.* Hollis acknowledges he rejected stacked coverage in 2013—but argues that equitable tolling should apply (**Doc. 24 at 4**). The Court now addresses the merits of these competing stances.

### I. Rejection

The Court first provides an overview of applicable insurance cases from New Mexico state courts. After looking to see what the state courts would decide, *see infra* ¶ I.A., the Court then conducts its own (brief) statutory interpretation—which ultimately reaches the same conclusion. *See infra* ¶ I.B. Hollis's claims are time-barred.

#### *A. State case law*

Textualism has not caught on in New Mexico.[3] Instead, insurance law in the New Mexico courts is based upon "strong judicial policy." *Rodriguez v. Windsor Ins. Co.*, 1994-NMSC-075,

---

[3] "[Textualism's] beguiling simplicity may mask a host of reasons why a statute, apparently clear and unambiguous on its face, may for one reason or another give rise to legitimate (*i.e.*, nonfrivolous) difference of opinion concerning the statute's meaning . . . ." *State ex rel. Helman v. Gallegos*, 1994-NMSC-023, ¶ 23, 117 N.M. 346, 871 P.2d 1352 (N.M. 1994); *see also Drivetime Car Sales Co., LLC v. N.M. Tax'n & Revenue Dep't*, 2024-NMCA-039, ¶ 11, 547 P.3d 753 (N.M. Ct. App. 2024) (citing to "the relevant legislative history"); *cf. State v. Montano*, 2024-NMSC-019, ¶ 13, 557 P.3d 86 (N.M. 2024) (citing Linda D. Jellum, *But That Is Absurd!: Why Specific Absurdity Undermines Textualism*, 76 BROOK. L. REV. 917, 925 (2011)); *but see Azar v. Allina Health Servs.*, 587 U.S. 566, 579 (2019) ("[L]egislative history is not the law.").

5

¶ 1, 118 N.M. 127, 879 P.2d 759 (N.M. 1994). In this regard, the state's highest court acknowledged that New Mexico stacking provisions are subject to the "judicially-created stacking doctrine." *Montano v. Allstate Indem. Co.*, 2004-NMSC-020, ¶ 1, 135 N.M. 681, 92 P.3d 1255 (N.M. 2004). As such, the Court must look to the state courts for an answer.

Plus, because this Court is sitting in diversity, the undersigned is obligated to look at "the relevant state law that the state's highest court has adopted, and if that court has not spoken, to predict the interpretation it would adopt." *Moreno v. Zimmerman*, 2023 U.S. App. LEXIS 19053, at *23 (10th Cir. July 26, 2023) (unpublished) (Holmes, C.J.) (citing *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988)). Of course, decisions of the New Mexico Court of Appeals are helpful—but not binding. *See Marcantel v. Michael & Sonja Saltman Fam. Tr.*, 993 F.3d 1212, 1221–22 (10th Cir. 2021); *cf. Doe v. Uber Techs., Inc.*, 2025 U.S. App. LEXIS 647, at *4–5 (9th Cir. Jan. 13, 2025) (unpublished).

The New Mexico Supreme Court "does not require an insured to execute a new rejection for each policy renewal." *Hart v. State Farm Mut. Auto. Ins. Co.*, 546 F. Supp. 3d 1023, 1027–28 (D.N.M. 2021) (first citing *Jordan v. Allstate Ins. Co.*, 2010-NMSC-051, ¶ , 149 N.M. 1262, 245 P.3d 1214 (N.M. 2010), and then citing *Marckstadt v. Lockheed Martin Corp.*, 2010-NMSC-001, ¶ 16, 147 N.M. 678, 228 P.3d 462 (N.M. 2010)); *see also Jaramillo v. Gov't Emps. Ins. Co.*, 573 F. App'x 733, 741 n.7 (10th Cir. 2014) (unpublished). Nor does the New Mexico Court of Appeals. In both *Lueras v. Geico Gen. Ins. Co.*, 2018-NMCA-051, ¶ 21, 424 P.2d 665 (N.M. Ct. App. 2018) and *Vigil v. Rio Grande Ins. Co of Santa Fe*, 1997-NMCA-124, ¶ 14–17, 124 N.M. 324, 950 P.2d 297 (N.M. Ct. App. 1997), the Court concluded that an insurer need not include a rejection form with an insured's renewal policy.

### *B. Statutory interpretation*

Starting with the text, NMSA 1978 § 66-5-301 states:

The named insured shall have the right to reject uninsured motorist coverage as described in Subsections A and B of this section; provided that unless the named insured requests such coverage in writing, ***such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer***.

(emphasis added). Statutorily, then, New Mexico does not require an insurance company to have an insured execute a new rejection for each policy renewal. If an insured executes a valid rejection, the insurer need not execute "new" rejections for policy renewals.

Here, that means Farm Bureau only needed to obtain a UM/UIM rejection from Hollis once. *See Ullman v. Safeway Ins. Co.*, 2023-NMSC-030, ¶ 29–31, 539 P.3d 668 (N.M. 2023); *see also Wilsford v. Farmers Ins. Co. of Ariz.*, No. 21-cv-428, 2022 U.S. Dist. LEXIS 81555, at *10 (D.N.M. May 5, 2022). The insurance policy—and its rejection—date back to 2013. *See* **Doc. 23-1**; *see also In re White's Est.*, 1939-NMSC-019, ¶ 9, 43 N.M. 202, 89 P.2d 36, (N.M. 1939) (explaining renewals of insurance simply "continue[] the original policy in force," but are not "a new contract of insurance").

\* \* \*

Even though the Complaint focuses on the 2020 rejection, the cause of action accrued in 2013. *Cf.* **Doc. 24 at 3**. The rejections in 2017 and 2020 that Hollis signed are thus immaterial. Consequently, if the cause of action accrued in 2013, then the statute of limitations period has expired—and this case must be dismissed. Unsurprisingly, Hollis argues that tolling (due to alleged fraud) means the case lives on.

## II. Tolling

Tolling "extends a statute of limitations for only a limited period of time." *Schultz v. Pojoaque Tribal Police Dep't*, 2013-NMSC-013, ¶ 14, 484 P.3d 954 (N.M. 2013). But neither the Complaint[4] nor the briefing explain why Hollis was unable to discover this injury caused by the alleged illusory coverage before 2024.

Even though Hollis admits his alleged injury occurred in 2013, the Complaint (**Doc. 1-1**) focuses on the 2020 rejection renewal.[5] *See* **Doc. 23 at 1**. Again, Farm Bureau was not required to obtain future rejections of stacked coverage (in 2017 or 2020). *See id.* The 2013 rejection was "endorsed, attached, stamped, or otherwise made a part of the policy," as required by New Mexico law. *Kaiser v. DeCarrera*, 1996-NMSC-050, ¶ 8, 122 N.M. 221, 923 P.2d 588 (N.M. 1996) (quoting *Romero v. Dairyland Ins. Co.*, 1990-NMSC-111, ¶ 4, 111 N.M. 1545, 803 P.2d 243 (N.M. 1990)); *see generally* **Doc. 23** (noting Hollis received "the same" Declarations page "annually since 2013"); *see also* **Doc. 1-1 at ¶ 7** (incorporating by reference the "Declarations Page" from the 2020 policy). Even if the elements of the claims are plausibly alleged, the claims cannot go forward unless the statute of limitations period was tolled.

On this point, Hollis alleges that equitable tolling should apply because of Farm Bureau's fraudulent concealment. *See* **Doc. 24 at 1–3**. Hollis's additional briefing states that Farm Bureau's

---

[4] The Court is not saying that Hollis's Complaint needed to anticipate Farm Bureau's affirmative defense as to the statute of limitations. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1297 (10th Cir. 2018). Rather, the Court is simply trying to convey that even after taking all of Hollis's facts as true, there is no plausible cause of action that is not time-barred.
　　The Complaint focuses on 2020 actions, but Hollis admits the 2013 rejection is what matters for accrual. *See* **Doc. 24**. Thus, the dates given in the Complaint make clear that the right to sue has been extinguished. *See Cash v. City of Durant*, 2024 U.S. App. LEXIS 8711, at * 7 (10th Cir. Apr. 11, 2024) (unpublished).
[5] The Court brings this point up time and again, because there is no reason the Complaint should have focused on the 2020 rejection—aside from the statute of limitations. If Hollis's original Complaint focused on the 2013 rejection (like it should have), this case would have been dismissed without the need for additional briefing.

fraudulent concealment was not discovered until recently. *See id.* **at 1–2** (explaining discovery "in the *Cases* suit and *Nestor* suit" show Farm Bureau's fraud).[6]

Hollis bears the burden of establishing the applicability of equitable tolling. *See Kern v. St. Joseph Hosp., Inc.*, 1985-NMSC-031, ¶ 12, 102 N.M. 452, 697 P.2d 135 (N.M. 1985) (explaining a plaintiff carries the burden of proof to establish the tolling of a statutory limitation period); *see also Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1214 (10th Cir. 2014). To prove that the statute of limitations period was tolled by Farm Bureau's fraudulent concealment, Hollis must show that his ignorance of his cause of action was not the result of his lack of diligence, but was due to affirmative acts or active deception by Farm Bureau to conceal the facts giving rise to the claims. *See Vigil v. City & Cnty. of Denver*, 162 F. App'x 809, 812 (10th Cir. 2006) (unpublished) (citing *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994)). Under New Mexico law, the limitations period is tolled if the party asserting concealment—here, Hollis—shows "(1) the use of fraudulent means by the party who raises the bar of the statute; (2) successful concealment from the injured party; and (3) that the party claiming fraudulent concealment did not know or by the exercise of reasonable diligence could not have known that he might have a cause of action." *Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 1993-NMSC-039, ¶ 30, 115 N.M. 690, 858 P.2d 66 (N.M. 1993). "Bald allegations of concealment are not sufficient." *Id.*

---

[6] The *Nestor* suit is the subject of Farm Bureau's Motion to Stay (**Doc. 7**). Ms. Nestor is Plaintiff Hollis's daughter, *id.* **at 2**, who filed suit in state court after an automobile accident. *See* **Doc. 24-1**.
    The first reference to *Cases v. Farm Bureau*, D-202-CV-2019-04254 (N.M. 2019) comes in the same Motion to Stay. *See* **Doc. 7 at 13**. *Cases* is referenced again in Hollis's supplemental briefing. *See* **Doc. 24 at 1–3**. According to Farm Bureau—in the Motion to Stay—Hollis's counsel previously filed a putative class action involving UM/UIM premiums (*i.e.*, the *Cases* case). *See* **Doc. 7 at 13**. After several years of litigation, the presiding state judge denied the Plaintiffs' request to amend in *Cases*. **Doc. 7-7**. Neither party explains the ultimate resolution of that case. And, as such, the Court is not entirely sure what to make of reference to *Cases*—other than the fact Hollis's counsel has (and had) ongoing litigation against Farm Bureau in three separate suits.

The Complaint, incorporated documents, and other pleadings show that Hollis knew of the rejection in 2013. And his briefing (**Doc. 24**) fails to assert a "lack of knowledge and lack of means by which knowledge might be obtained." *Cont'l Potash, Inc.*, 1993-NMSC-039, at ¶ 29 (citing *Garcia v. Garcia (In re Est. of Salas)*, 1987-NMCA-018, ¶ 14, 105 N.M. 472, 734 P.2d 250 (N.M. Ct. App. 1987)). Although Hollis contends that Farm Bureau concealed its conduct by fraud, *see generally* **Doc. 24**, the Court fails to see how any alleged concealment delayed his suit.

Hollis did not lack the means to discover this harm. As his brief explains, "Hollis only became aware of the . . . UM/UIM issues, through his lawyers and the active litigation of his daughter's personal injury case." **Doc. 24 at 4**. In essence, this case only exists because of discovery from separate lawsuits (*id.* **at 3**). But Hollis could have sought legal counsel to explain his rejection and illusory coverage allegations at any point prior to his daughter's accident.

He did not.

As U.S. District Judge Sarah Davenport recently noted, equitable tolling is "a rare remedy to be applied in unusual circumstances." *Way v. Att'y Gen. of N.M.*, No. 23-cv-229, 2025 U.S. Dist. LEXIS 27481, at *8 (D.N.M. Feb. 13, 2025) (quoting *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015)). This case does not present "rare and exceptional" circumstances warranting equitable tolling. *Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011); *Little v. Baigas*, 2017-NMCA-027, ¶ 12, 390 P.3d 201 (N.M. Ct. App. 2016). Hollis did not pursue his rights diligently. Frankly, he did not pursue them at all. But for the lawsuit relating to Hollis' daughter's automobile accident, this case would not exist.

There were no "extraordinary circumstance[s]" standing in Hollis's way. *Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 15, 135 N.M. 539, 91 P.3d 58 (N.M. 2004). Nothing prevented Hollis from seeking legal advice. The events precipitating this litigation were not beyond his

10

control. Obliviousness[7] to the fact that one can file suit does not amount to an extraordinary circumstance warranting equitable tolling.

And, as the New Mexico Supreme Court explained, "[w]e have to assume that when enacting the statute of limitations for statutory causes of action, the Legislature determined an appropriate time period . . . after carefully contemplating the . . . interest[] of providing . . . certainty to defendants that their liability for past conduct will have a definite end." *Snow v. Warren Power & Mach., Inc.*, 2015-NMSC-026, ¶ 26, 354 P.3d 1285 (N.M. 2015). If there was ever a case to exemplify this interest; this case is it. As such, "equitable tolling should not be applied." *Slusser v. Vantage Builders, Inc.*, 2013-NMCA-073, ¶ 17, 306 P.3d 524 (N.M. Ct. App. 2013).

Ultimately, the Court finds that Hollis failed to show any fraud on the part of Farm Bureau that would justify tolling. Based on this finding (*viz.* that Hollis didn't carry his burden of establishing a factual basis for tolling), the Court concludes the statute of limitations period has run as to each claim in the Complaint.

---

[7] *See Centennial Bankshares, Inc. v. Utah*, 834 F. App'x 448, 451 (10th Cir. 2020) (unpublished) ("[I]gnorance of the existence of a cause of action does not prevent the running of the statute of limitations."); *Martinez v. Brown*, No. 16-cv-263, 2017 U.S. Dist. LEXIS 40639, at *13 (D.N.M. Mar. 21, 2017) (rejecting the argument that "ignorance" of one's legal rights "tolls the statute of limitations"); *Coslett v. Third St. Grocery*, 1994-NMSC-046, ¶ 24, 117 N.M. 727, 876 P.2d 656 (N.M. 1994) (finding a claimant's contention that "there was no statutory bar because she did not know of her right[s]" until "she consulted with her attorney" was unmoving—and determining "ignorance" of legal rights does not toll the statute of limitations"); *Maestas v. Zagar*, 2007-NMSC-003, ¶ , 141 N.M. 154, 152 P.3d 141 (N.M. 2007) (explaining a cause of action "will accrue regardless of whether or not the plaintiff is aware of the full extent of his or her injury"); *see also Jenkins v. Tahmahkera*, No. 23-cv-1207, 2024 U.S. Dist. LEXIS 119881, at *6 (N.D. Tex. July 9, 2024) ("Even if Plaintiff did not know that she had a legal cause of action, Plaintiff's awareness . . . would lead a reasonable person to investigate further." (internal quotations and citations omitted)); *Johnson v. United States*, No. 08-cv-5721, 2009 U.S. Dist. LEXIS 120662, at *5 (E.D. Pa. Dec. 28, 2009); *Goddard v. Dep't of Health & Hum. Servs.*, No. 82-cv-3196, 1983 U.S. Dist. LEXIS 16624, at *8 (D.D.C. May, 27, 1983) (naivete does not warrant equitable tolling).

**III. Statute of Limitations Periods under New Mexico Law**

 *A. Negligence*

Negligence claims are subject to a three-year statute of limitations. *See* NMSA 1978 § 37-1-8; *see also N.M. Elec. Serv. Co. v. Montanez*, 1976-NMSC-028, ¶ 13, 551 P.2d 634, 637, 89 N.M. 278 (N.M. 1976). Although a negligence cause of action does not begin to run "until there ha[s] been a resulting injury," *Spurlin v. Paul Brown Agency, Inc.*, 1969-NMSC- 061, ¶ 7, 80 N.M. 306, 454 P.2d 963 (N.M. 1969), the injury here began on the date the allegedly illusory stacking rejection was signed. That date is in 2013. *See* **Docs. 23 & 24**. And it expired in 2016—approximately eight years before Hollis filed suit. *See* **Doc. 1-1**.

This claim is time-barred and must be dismissed.

 *B. Violations of the N.M. Unfair Trade Practices Act*

Because the Unfair Trade Practices Act claim is founded on a violation of statute, the claim falls within New Mexico's "other unspecified actions" four-year statute of limitations period. *See* NMSA 1978 § 37-1-4; *see Torrez v. State Farm Mut. Auto. Ins. Co.*, 705 F.2d 1192, 1202 (10th Cir. 1982). This cause of action accrued in 2013—when Hollis knew (or should have discovered) the injury—and expired in 2017. *See "O" Co. v. Osteotech, Inc.*, No. 98-cv-981, 2002 U.S. Dist. LEXIS 30483, at *7 (D.N.M. Oct. 22, 2002). As such, this claim must also be dismissed.

 *C. Violations of the N.M. Unfair Insurance Practices Act*

Unfair insurance practices claims also fall under the four-year statute of limitations set forth in NMSA 1978 § 37-1-4. *See Nance v. L.J. Dolloff Assocs.*, 2006-NMCA-012, ¶ 22, 138 N.M. 851, 126 P.3d 1215 (N.M. Ct. App. 2005); *see also Radian Asset Assur., Inc. v. Coll. of the Christian Bros. of N.M.*, No. 09-cv-885, 2011 U.S. Dist. LEXIS 14437, at *190–192 (D.N.M. Jan. 24, 2011).

This claim must be dismissed as time-barred.

### D. Breach of the Covenant of Good Faith and Fair Dealing

New Mexico has a six-year statute of limitations for contract claims. *See Martinez v. Cornejo*, 2009-NMCA-011, ¶ 36, 146 N.M. 223, 208 P.3d 443 (N.M. Ct. App. 2008); *see also Laurenzana v. Countrywide KB Home Loans*, No. 14-cv-159, 2014 U.S. Dist. LEXIS 187615, at *10 (D.N.M. May 5, 2014).

Hollis's injury began on the date the contract (*i.e.*, rejection) was first signed. That happened in 2013. As such, the claim was time-barred as of 2019—approximately five years prior to the commencement of this lawsuit. This claim must also be dismissed.

### E. Negligent Misrepresentation

There is also a four-year statute of limitations in New Mexico on the negligent misrepresentation claim. *See Bloom v. Hendricks*, 1991-NMSC-005, ¶ 9, 111 N.M. 250, 804 P.2d 1069 (N.M. 1991) (stating that negligent misrepresentation claims are governed by the four-year statute of limitations); *Nance*, 2006-NMCA-012, at ¶¶ 14–15 (same); *see also Danforth v. Medtronic, Inc.*, No. 08-cv-432, 2008 U.S. Dist. LEXIS 127850, at *4 (D.N.M. July 29, 2008). This claim expired in 2017, so it must be dismissed.

### F. Unjust Enrichment

The unjust enrichment claim is time-barred because it also has a four-year statute of limitations period. *See Guinn v. Williams*, 2024 N.M. App. Unpub. LEXIS 124, at *5 (N.M. Ct. App. Apr. 22, 2024) (citing NMSA 1978, § 37-1-4); *see also In re Credit Default Swaps Auctions Litig.*, 710 F. Supp. 3d 895, 932 (D.N.M. 2023).

Farm Bureau correctly asserts this cause of action accrued in 2013 (upon the first alleged overpayment for the supposedly illusory coverage). This is supported by the fact Hollis's

Complaint states "Farm Bureau has overcharged him for UM/UIM coverage 'from on or about 2013 to present.'" **Doc. 1-1 at ¶ 12**; *cf.* **Doc. 24**. This claim is time-barred and must be dismissed.

\* \* \* \* \*

Hollis's Complaint was not filed within the three-, four-, or six-year limitations periods set by law. His Complaint focuses on the fact he overpaid for illusory coverage because of the stacking rejection. But his injury accrued from the moment he first rejected said stacking coverage. The fact Hollis waited until 2024 to file suit means he can no longer obtain relief.

**IV. Hollis's Other Reasons for Tolling**

   *A. Discovery rule*

Under New Mexico law, the discovery rule states that a statute of limitations on a claim does not begin to accrue until the Plaintiff "knows or should know the relevant facts, whether or not the plaintiff also knows that the facts are enough to establish a legal cause of action." *Slusser*, 2013-NMCA-073, at ¶ 8. Here, Hollis argues "[t]he 2013 fraud was only recently discovered through the discovery process in the *Cases* suit and the *Nestor* suit." **Doc. 24 at 3**.

The discovery rule does not save this case because it is the discovery "of the injury, not . . . the other elements of a claim [that] starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555–56 (2000). Neither the Complaint nor anything in the record suggests Hollis was not on notice of the effects of his 2013 rejection when it occurred. As such, the claims accrued at that point in time. *See supra* ¶ II ("Tolling"); *see also Rivero v. Bd. of Regents of the Univ. of N.M.*, No. 16-cv-318, 2019 U.S. Dist. LEXIS 36803, at *247–48 (D.N.M. Mar. 7, 2019), *aff'd* 950 F.3d 754 (10th Cir. 2020). As of 2013, the limitations period commenced because Hollis had a "complete and present cause of action." *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997).

### B. Continuing wrong

Hollis also seeks refuge in the continuing wrong doctrine (**Doc. 24 at 3**). But the continuing wrong doctrine is limited to torts cases. *See Anderson Living Tr. v. WPX Energy Prod., LLC*, 27 F. Supp. 3d 1188, 1214 (D.N.M. 2014) (noting "the doctrine has its origins in tort law," and "[t]he Court of Appeals of New Mexico has . . . declined to apply the continuing wrong doctrine to contract cases").[8] Considering the New Mexico state courts have declined to extend the continuing wrong doctrine to contract cases, this Court will likewise decline to extend the continuing wrong doctrine to contract cases. Moreover, in every case wherein a New Mexico court has considered the continuing wrong doctrine, "the choice has been between cut-off damages (partial dismissal) and no damages at all (outright dismissal)." *Anderson Living Tr.*, 27 F. Supp. 3d at 1242.

The "continuing wrong doctrine" is inapplicable here. As stated previously, "New Mexico law does not require an insurer to obtain 'new' rejections for policy renewals." **Doc. 22 at 2** (citation omitted). When Hollis first rejected stacked coverage in 2013, that selection remained in effect unless—or until—he changed his coverage. *Cf.* **Doc. 23 at 10**. Irrespective of the "continuing effects" that decision had, those effects were simply the consequences of the single wrong alleged by the 2013 rejection selection. *See Tull v. City of Albuquerque*, 1995-NMCA-123, ¶¶ 4–7, 120 N.M. 829, 907 P.2d 1010 (N.M. Ct. App. 1995) (comparing the "continuing-wrong" theory with the "single-wrong with continuing effects" theory—and favoring the latter). Plus, "the [continuing wrong] doctrine cannot be employed where the plaintiff's injury is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress." *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1431 (10th Cir. 1996) (cleaned up); *see also In re Gold King Mine*

---

[8] *See Bishop v. Evangelical Lutheran Good Samaritan Soc'y*, 2010 N.M. App. Unpub. LEXIS 69, at *23–24 (N.M. Ct. App. 2010); *Tull*, 1995-NMCA-123; *Vill. of Angel Fire v. Bd. of Cnty. Comm'rs of Colfax Cnty.*, 2010-NMCA-038, ¶¶ 14 & 18, 148 N.M. 804, 242 P.3d 371 (N.M. Ct. App. 2010).

*Release in San Juan Cnty., Colo.*, No. 18-cv-744, 2020 U.S. Dist. LEXIS 72935, at *14 (D.N.M. Apr. 24, 2020) (Johnson, C.J.) (same).

## CONCLUSION

Hollis waited more than a decade to file suit—and "[a] party who has slept on his rights" loses the right to sue. *King v. Lujan*, 1982-NMSC-063, ¶ 8, 98 N.M. 179, 646 P.2d 1243 (N.M. 1982).

**IT IS THEREFORE ORDERED** that Farm Bureau's Motion to Dismiss (**Doc. 6**) is **GRANTED**. *See also* **Doc. 23**.

**IT IS FURTHER ORDERED** that Hollis's Complaint (**Doc. 1-1**) is **DISMISSED without prejudice**.[9]

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

---

[9] "Where the period of limitations has run, a dismissal without prejudice is tantamount to dismissal with prejudice." *King*, 1982-NMSC-063, ¶ 9; *see also Armendariz v. Santa Fe Cnty. Bd. of Comm'rs*, 331 F. Supp. 3d 1245, 1252 (D.N.M. 2018) (Johnson, J.) ("[A] dismissal without prejudice is treated as a dismissal with prejudice when the statute of limitations has run on the claims." (citing *Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013))).